UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF LOUISIANA

REBECCA BRYANT                                    CIVIL ACTION

VERSUS                                            NUMBER: 09-00329

MICHAEL LAUGHLIN, ET AL.                          SECTION: "I"(5)


                       **REPORT AND RECOMMENDATION**

On January 26, 2009, Rebecca Bryant, plaintiff herein, through counsel, filed the above-captioned civil rights complaint against defendants, Captain Michael Laughlin, Deputy Sheriff Jonathan Liberto, Deputy Sheriff Melvin Joseph, Sheriff Marlin N. Gusman, and the Orleans Parish Criminal Sheriff's Office, alleging false arrest and the excessive use of force. (Rec. doc. 1). At that time, summonses were issued and were forwarded to plaintiff's counsel for the purpose of effecting service on the named defendants in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure. (Rec. doc. 2).

On June 11, 2009, plaintiff's attorney moved to withdraw from

this case, relaying his clients' intention to proceed pro se in this matter and to dismiss this action as non-suit. (Rec. doc. 3). The Court denied counsel's motion without prejudice on June 12, 2009 based on his failure to comply with Local Rule 83.2.11. (Rec. doc. 4). Thereafter, there was no further activity in this case. In accordance with Local Rule 16.2.E, on August 11, 2009, the Court ordered plaintiff to show cause, in writing and on or before September 9, 2009, as to why this matter should not be dismissed for failure to prosecute. (Rec. doc. 5). A copy of the Court's show cause order was electronically transmitted to plaintiff's counsel and was not returned as undeliverable. As of today's date, no response to the show cause order has been forthcoming. It has now been over eight months since this case was filed and proof of service is still absent from the record.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court- on motion or on its own initiative after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by Rule 4(m) and its predecessor. See, e.g., Lambert v. United States, 44 F.3d 296 (5th

Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been over eight months since this lawsuit was filed and proof of service on the named defendants is lacking. By scheduling the rule to show cause, the Court hoped to bring this deficiency to the attention of plaintiff and to impress upon her the need to prosecute her case. Unfortunately, no response to the Court's show cause order has been forthcoming and no activity has occurred in this case. As plaintiff is represented by counsel, these failures are attributable to counsel alone. Accordingly, it will be recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  10th  day of    September    , 2009.

*[signature: Alma L. Chasez]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE